SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Johnson, | No.  CV 14-2519-PHX-DGC (MEA) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Michael David Johnson, who is confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

Plaintiff has also filed two Motions to Add Additional Counts (Docs. 5, 6), and a Motion for Disclosure of Electronic Communications and Records ("Motion for Disclosure") (Doc. 7).  The Court will construe the Motions to Add Additional Counts as Motions to Amend and will grant the motion to the extent that it will dismiss the Complaint with leave to amend.  The Court will construe the Motion for Disclosure as a motion for discovery and will deny it as premature.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be

collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

In his one-count Complaint, Plaintiff sues the Maricopa County Sheriff's Office ("MCSO") and the Scottsdale City Court.  Plaintiff seeks punitive damages, court costs, and to review transcripts and appeal an August 6, 2014 hearing in Scottsdale City Court, Civil Case #M-0751-CV-2013024796.

Plaintiff asserts that his "due process of law" rights and his "right to appeal" have been violated.  Plaintiff alleges that the judge in his Scottsdale City Court civil case was "very negligent" in managing a hearing on August 6, 2014, and Plaintiff has appealed. According to Plaintiff, the appeals process requires him to review transcripts of the hearing, and the court mailed him an audio transcript, but jail officials have refused to provide a means for him to listen to the audio transcript and the court will not provide an alternative.  Plaintiff asserts that he has written to the court and has "exhausted the internal and external appeals process at the jail," but "neither party accepts any responsibility to ensure [his] right . . . to appeal this hearing."  Plaintiff alleges that he has already had his appeal of the hearing extended once, but the appeal instructions clearly state that he is required to obtain and review the transcript, and because he still has no access to the transcript, he fears he will lose his appeal right.  Plaintiff also believes the hearing at issue "may have had an impact on the sentencing in [his] current case."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

### A.     MCSO

The Maricopa County Sheriff's Office is not a proper defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101.  A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's Office will be dismissed.

### B.     Scottsdale City Court

Claims under § 1983 may be directed at "bodies politic and corporate."  *Monell v. New York City Dept. of Social Services*, 436 U.S. 686, 688-89 (1978).  "[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993).  "A municipality may be liable for actions resulting in violations of constitutional rights only when the conduct of its official

- 4 -

or agent is executed pursuant to a government policy or custom." *Lewis v. Sacramento County*, 98 F.3d 434, 446 (9th Cir. 1996), *rev'd on other grounds*, 523 U.S. 833 (1998). Although the Scottsdale City Court is an arm or agency of the City of Scottsdale, which is subject to suit under § 1983, Plaintiff does not allege that his rights were violated due to a policy or custom of the City of Scottsdale. There is also no *respondeat superior* liability under § 1983; thus, the City of Scottsdale's position as the employer or supervisor of someone who may have violated Plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. at 691-92. Plaintiff therefore fails to state a claim against Defendant Scottsdale City Court, and it will be dismissed.[1]

### C.    Plaintiff's Due Process and Right to Appeal Claim

Insofar as Plaintiff attempts to assert a Fourteenth Amendment due process claim, it is unclear whether he claims his due process rights were violated by the Scottsdale City Court judge for his alleged negligence during the August 6, 2014 hearing, or by employees or agents of either the Scottsdale City Court or the Lower Buckeye Jail for allegedly denying Plaintiff's requests to obtain or listen to his hearing transcript, or by these or other individuals for actions taken during the "internal and external appeals process" at the Lower Buckeye Jail. Absent facts showing specifically what right was violated, by whom, in what way, and what injury resulted, Plaintiff fails to state a due process claim.

To the extent that Plaintiff specifically asserts a violation of his "right to appeal," Plaintiff should note that the right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis*

---

[1] **Error! Main Document Only.**To the extent that Plaintiff intends to sue an individual Scottsdale City Court Judge, Plaintiff should be aware that judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in 'the clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

1   *v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to
2   bring petitions or complaints to federal court, however, and not a right to discover such
3   claims or even to ligate them effectively once filed with a court.  *Id.* at 354.  The right
4   "guarantees no particular methodology but rather the conferral of a capability–the
5   capability of bringing contemplated challenges to sentences or conditions of confinement
6   before the courts."  *Id*. at 356.

7          As a matter of standing, for an access-to-courts claim, a plaintiff must show that
8   he suffered an "actual injury" with respect to contemplated litigation.  *Id*. at 349.  To
9   show actual injury with respect to contemplated litigation, the plaintiff must demonstrate
10  that the defendants' conduct frustrated or impeded him from bringing to court a
11  nonfrivolous claim that he wished to present.  *Id*. at 352-53.

12         Moreover, "the injury requirement is not satisfied by just any type of frustrated
13  legal claim."  *Id*. at 354.  The right of access to the courts "does not guarantee inmates the
14  wherewithal to transform themselves into litigating engines capable of filing everything
15  from shareholder derivative actions to slip-and-fall claims."  *Id*. at 355.  The nonfrivolous
16  claim must be a direct or collateral attack on the inmate's sentence or a challenge to the
17  conditions of his confinement.  *Id*.  "Impairment of any *other* litigating capacity is simply
18  one of the incidental (and perfectly constitutional) consequences of conviction and
19  incarceration."  *Id*. (emphasis in original).

20         Plaintiff alleges that he believes that the hearing he is attempting to challenge
21  "may have had an impact on the sentencing" in his current case.  This is not enough,
22  however, to show that Plaintiff's appeal of his civil court case is either a direct or
23  collateral attack on his criminal sentence or conditions of confinement.  Even if Plaintiff
24  had alleged facts showing a direct connection between his sentence or conditions of
25  confinement and his civil case, this would nonetheless be insufficient to state an access-
26  to-courts claim for the reasons already stated.  Plaintiff fails to identify who allegedly
27  violated his rights, in what way, or what injuries he suffered as a result.  Thus, absent
28  additional facts, Plaintiff fails to show that anyone actively interfered with, frustrated, or

impeded his attempts to bring an appeal.  For all these reasons, Plaintiff fails to state a claim in Count One, and this count will be dismissed.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.    Other Matters**

**A.    Plaintiff's Motions to Add Additional Counts**

Plaintiff filed a Motion on November 25, 2015, seeking to add a retaliation claim based on allegedly retaliatory actions taken against him at the Lower Buckeye Jail after "Inmate Legal Services" processed this Complaint.  Plaintiff also filed a Motion on December 8, 2014, seeking to add a count of "Retaliation-Aiding and Abetting, against the Maricopa County Public Defender's Office, Maricopa County[,] and [Plaintiff's public defender] Robert Dittsworth" based on allegations that Dittsworth failed to take

any action after Plaintiff informed him via postcard, voicemail, and a phone conversation of the alleged retaliation.  The Court will construe these Motions as Motions to Amend and will grant them to the extent that it will grant Plaintiff leave to amend the Complaint. Plaintiff should be aware that if he files a first amended complaint, any added defendants or claims may be dismissed insofar as they present any of the same deficiencies identified herein with respect to Defendants and Count One of this Complaint.

### B.    Motion for Disclosure

On January 5, 2015, Plaintiff filed a Motion seeking to have the Court order MCSO to provide him with an audio copy of a telephone call he made on November 25, 2014, that he believes is relevant to his claim against the Maricopa County Public Defender's Office.  The Court will construe this as a Motion for Discovery and deny it as premature.  At this point, Plaintiff has not stated a claim against any Defendant, including the Maricopa County Public Defender's Office.   If Plaintiff files a first amended complaint, the Court will conduct statutory screening of the first amended complaint, order service of the first amended complaint, if appropriate, and issue a scheduling order setting discovery deadlines *after* Defendants have answered the complaint.

## VI.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

1

2       **C.      Copies**

3       Plaintiff must submit an additional copy of every filing for use by the Court.   *See*

4  LRCiv 5.4.   Failure to comply may result in the filing being stricken without further

5  notice to Plaintiff.

6       **D.      Possible "Strike"**

7       Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

8  fails to file an amended complaint correcting the deficiencies identified in this Order, the

9  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

10 Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

11 judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

12 prior occasions, while incarcerated or detained in any facility, brought an action or appeal

13 in a court of the United States that was dismissed on the grounds that it is frivolous,

14 malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

15 is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

16      **E.      Possible Dismissal**

17      If Plaintiff fails to timely comply with every provision of this Order, including

18 these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

19 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any

20 order of the Court).

21 **IT IS ORDERED:**

22      (1)      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

23      (2)      As required by the accompanying Order to the appropriate government

24 agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

25 filing fee.

26      (3)      The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff

27 has **30 days** from the date this Order is filed to file a first amended complaint in

28 compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 28th day of January, 2015.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                               1

Phoenix & Prescott Divisions:     **OR**     Tucson Division:
U.S. District Court Clerk                            U.S. District Court Clerk
U.S. Courthouse, Suite 130                        U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona  85003-2119                     Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)   Plaintiff,   )
)
vs.                    )   **CASE NO.** _____
)              (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)             )
(2) _____ ,  )
)          **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )          **BY A PRISONER**
)
(4) _____ ,  )   ☐ Original Complaint
            Defendant(s).          )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 5/1/2013                                1                                **550/555**

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                    (Position and Title)                                                        (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                    (Position and Title)                                                        (Institution)

3.    Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                    (Position and Title)                                                        (Institution)

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                    (Position and Title)                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number:  _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number:  _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number:  _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                              ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?                            ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?                   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

3

## COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.


2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.