SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Johnson, | No. CV 14-2519-PHX-DGC (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On November 14, 2014, Plaintiff Michael David Johnson, who was then confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 28, 2015 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 5, 2015, Plaintiff filed a Notice of Change of Address indicating he is no longer in custody, and on May 7, 2015, he filed his First Amended Complaint (Doc. 14). At the time Plaintiff was released, he still owed $292.00 towards his filing fee. In a May 15, 2015 Order, the Court gave Plaintiff 30 days to either pay the $292.00 balance of the filing fee or file a <u>non</u>-prisoner Application to Proceed in District Court without Prepaying Fees or Costs. Plaintiff has since filed a non-prisoner Application to Proceed (Doc. 17) and a Motion to Appoint Counsel (Doc. 18).

**JDDL-K**

The Court will grant the non-prisoner Application to Proceed, dismiss the First Amended Complaint and this action, and deny the Motion to Appoint Counsel as moot.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

JDDL-K

- 2 -

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     First Amended Complaint

In his single-count First Amended Complaint, Plaintiff names as Defendants Maricopa County Sheriff Joseph M. Arpaio; Maricopa County Supervisors Denny Barney, Steve Chucri, Andy Kunasek, Clint Hickman, and Steve Gallardo; and the Scottsdale City Court. Plaintiff seeks punitive damages, "appeal of civil order of protection hearing/re-hearing," and court costs.

Plaintiff claims that Defendants violated his due process rights by denying him access to a court transcript he needed to appeal an Order of Protection in Scottsdale City Court. Plaintiff's claim is based on the following allegations:

On July 3, 2014, Plaintiff was arrested for violating an Order of Protection issued by the Scottsdale City Court, and he was placed in the Lower Buckeye Jail to await trial. While in custody, Plaintiff was transported to an August 6, 2014 hearing in his Order of Protection case. Plaintiff lost that hearing, and he filed for an appeal and requested a copy of the August 6, 2014 hearing transcript. The Scottsdale City Court sent Plaintiff an audio CD of the hearing per their policy. This CD was intercepted by the Lower Buckeye Jail legal services and held by the property department.

On August 15, 2014, Plaintiff filed an inmate request, asking to listen to the CD, and the request was denied on August 20, 2014. On August 22, 2014, Plaintiff wrote to the Scottsdale City Court requesting assistance, and his request was denied on September 29, 2014. In the meantime, Plaintiff filed a series of inmate grievances and grievance appeals regarding the denial of his request to hear the CD. On October 6, 2014, Plaintiff's final grievance was denied. Plaintiff wrote his memorandum appealing the Scottsdale City Court's Order of Protection decision without access to the hearing transcript, and lost his appeal.

Plaintiff alleges that the Order of Protection was frivolous, and he believes he would have won his appeal if he had been given access to the August 6, 2014 hearing

JDDL-K

transcript.  He claims that Defendants' denial of due process in not making the transcript available to him "directly interfered with and impacted [his] defense and subsequent incarceration."

### III.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  Negligence is not sufficient to state a claim under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

### A.     Failure to State a Claim Against Any Defendant

#### 1.     Arpaio

Plaintiff fails to state a claim against Arpaio.  For an individual to be liable in his individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor in his individual capacity "is only liable

JDDL-K

- 4 -

for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Alternatively, for an individual to be liable in his official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the entity for which that individual exercises final policy-making authority. *Monell*, 436 U.S. 694; *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).

Plaintiff does not allege that Arpaio personally kept him from being able to listen to the CD, nor does he allege that, as a supervisor, Arpaio directed anyone else to keep him from doing so, or knew that Plaintiff was unable to do so, yet failed to act. Plaintiff also fails to allege any facts showing that the denial of his requests resulted from a policy, practice, or custom observed at the Lower Buckeye Jail. Accordingly, Plaintiff fails to state a claim against Arpaio in either his individual or official capacity.

### 2. Barney, Chucri, Kunasek, Hickman, and Gallardo

Plaintiff also fails to state a claim against Maricopa County Supervisors Barney, Chucri, Kunasek, Hickman, and Gallardo. When individuals, such as members of the Maricopa County Board of Supervisors, are sued in an official capacity, the real party in interest is the entity of which the members are agents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell*, 436 U.S. at 690 n. 55). In this case, that entity is Maricopa County. A municipality may not be sued, however, solely because an injury was inflicted by one of its employees or agents. *Long v.County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted). Rather, the municipality is liable only when the execution of its policy or custom inflicts a constitutional injury. *Id.* (citation omitted); *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (citation omitted).

Plaintiff has not alleged that his rights were violated as the result of any policy, practice, or custom of Maricopa County. Moreover, official county policy may only be set by an official with "final policymaking authority" (*Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) (plurality opinion)), and in Arizona, the

JDDL-K

- 5 -

responsibility for operating jails is placed on the county sheriff, not on a county's board of supervisors. *See* Ariz. Rev. Stat. Ann. § 11-441(A)(5); Ariz. Rev. Stat. Ann. § 31-101. Therefore, even if Plaintiff had alleged facts showing his injury stemmed from a policy or practice observed at the Lower Buckeye Jail, the Maricopa County Board of Supervisors would not be liable under § 1983 because it lacks authority to establish an official policy with respect to the operation of the jail. Further, the Board cannot be held liable for the actions of the Sheriff or his deputies on a theory of *respondeat superior* liability. *See Los Angeles Police Prot. League v. Gates*, 907 F.2d 879, 889 (9th Cir. 1990) (citation omitted). Accordingly, Plaintiff fails to state a claim against Barney, Chucri, Kunasek, Hickman, and Gallardo.

### 3. Scottsdale City Court

Finally, Plaintiff fails to state a claim against the Scottsdale City Court. Claims under § 1983 may be directed at "bodies politic and corporate." *Monell*, 436 U.S. at 688-89. "[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993). "A municipality may be liable for actions resulting in violations of constitutional rights only when the conduct of its official or agent is executed pursuant to a government policy or custom." *Lewis v. Sacramento County*, 98 F.3d 434, 446 (9th Cir. 1996), *rev'd on other grounds*, 523 U.S. 833 (1998). Although the Scottsdale City Court is an arm or agency of the City of Scottsdale, which is subject to suit under § 1983, Plaintiff does not allege that his rights were violated due to a policy or custom of the City of Scottsdale. There is also no *respondeat superior* liability under § 1983; thus, the City of Scottsdale's position as the employer or supervisor of someone who may have violated Plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. at 691-92. Accordingly, Plaintiff fails to state a claim against the Scottsdale City Court.

. . .

. . .

JDDL-K

### B.     Failure to State a Constitutional Claim

Even if Plaintiff had named a proper Defendant – someone who, through his own, individual actions, kept Plaintiff from being able to listen to the CD of his Scottsdale City Court hearing – Plaintiff fails to state a constitutional claim based on the loss of his appeal in the Scottsdale City Court.

As the Court noted in its January 28, 2015 Order, the right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to court, however, and not a right to discover such claims or even to ligate them effectively once filed with a court. *Id.* at 354. The right "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 356.

For an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id*. at 349. To show actual injury, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53.

Moreover, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id*. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Plaintiff's claim fails for a number of reasons. First, Plaintiff does not allege facts showing he was impaired in his ability to bring a direct or collateral attack on his sentence or a challenge to the conditions of his confinement. Plaintiff alleges that his

JDDL-K

1 inability to listen to the CD of his August 6, 2014 Order of Protection hearing "directly
2 interfered with and impacted [his criminal] defense and subsequent incarceration."  But
3 based on the facts alleged, Plaintiff was arrested for violating the Order of Protection on
4 July 3, 2014, a month before the date of the hearing in which he purportedly challenged
5 that order and lost.  Thus, the facts alleged do not plausibly show that an appeal of that
6 decision, even if successful, would have impacted Plaintiff's arrest and incarceration for a
7 criminal violation that had already taken place.

8 Additionally, Plaintiff has not alleged facts showing he had a nonfrivolous reason
9 for appealing the Scottsdale City Court's ruling.  Although Plaintiff baldly asserts that
10 "with access to the transcript and other legal materials regarding this case" he would have
11 won his appeal, he does not identify any claims the transcript and these "other legal
12 materials" would have allowed him to make.  To the extent Plaintiff implies that access to
13 the Scottsdale City Court transcript would have allowed him to discover appealable errors
14 in that court's decision that he was otherwise unable to identify, this supposition is too
15 speculative to form the basis of an access-to-the-courts claim.  In short, Plaintiff fails to
16 allege any facts that plausibly show that being permitted to listen to the CD would have
17 allowed him to make a nonfrivolous claim, and, even if it did, that his ability to make that
18 claim would have either directly or indirectly impacted his criminal sentence.

19 **IV.    Dismissal without Leave to Amend**

20 Because Plaintiff has failed to state a claim in his First Amended Complaint, the
21 Court will dismiss his First Amended Complaint.  "Leave to amend need not be given if a
22 complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express,*
23 *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is
24 particularly broad where Plaintiff has previously been permitted to amend his complaint.
25 *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).
26 Repeated failure to cure deficiencies is one of the factors to be considered in deciding
27 whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.  The Court
28

JDDL-K

- 8 -

1 finds that further opportunities to amend would be futile. Therefore, the Court, in its
2 discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.
3 **IT IS ORDERED:**
4     (1) Plaintiff's non-prisoner Application to Proceed (Doc. 17) is **granted**.
5     (2) Plaintiff's Motions to Add Counts (Docs. 5 and 6) are **granted**, and his
6 Motion for Disclosure (Doc. 7) is **denied** pursuant to the Court's January 28, 2015 Order.
7     (3) Plaintiff Motion to Appoint Counsel (Doc. 18) is **denied as moot**.
8     (4) Plaintiff's First Amended Complaint (Doc. 14) and this action are
9 **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment
10 accordingly.
11     (5) The Clerk of Court must make an entry on the docket stating that the
12 dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).
13     (6) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
14 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of
15 this decision would not be taken in good faith.
16     Dated this 2nd day of July, 2015.

_David G. Campbell_
United States District Judge

JDDL-K